WYTHEVILLE BUILDING & LAND FUND ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82775. Promulgated November 2, 1937.

*Walter E. Barton, Esq.,* for the petitioner.
*Francis L. Van Haaften, Esq.,* for the respondent.

## OPINION.

STERNHAGEN: The Commissioner having determined that petitioner was not exempt from tax, it petitions on the ground that it is, within section 103 of the Revenue Act of 1932, a "(4) Domestic building and loan association substantially all the business of which is confined to making loans to members."

It is not necessary to consider whether the petitioner may properly bear the statutory label of domestic building and loan association. If, like the 1918 Act, the statute controlling the present case

carried no further qualification, it might be necessary because of the recognition of it by the Virginia Corporation Commission as a building and loan association to treat it as within this category of the revenue act. *United States* v. *Cambridge Loan & Building Co.*, 278 U. S. 55. But the revenue acts since 1921 have carried a limitation which narrowed the category to those "substantially all the business of which is confined to making loans to members", and the limitation was primarily designed to exclude mortgage and investment companies operating in the guise of building and loan associations. *Employees Industrial Loan Association*, 27 B. T. A. 945.

The petitioner claims to be within the narrower definition because the method of its operation is to make every borrower a member. Colloquially it speaks of the owners of its 250 outstanding shares as its "permanent" members and those who sign the prescribed form as an incident to a loan as its "installment" members. None of the former are among those to whom loans are made, and none of the latter are in any way interested in the earnings or have a voice in the corporation's affairs. The so-called shares for which a borrower is treated as subscribing are simultaneously assigned and redeemed. They are never issued and never are outstanding. No matter how successful the corporation may be, the borrower's obligation as to loan and interest remains fixed throughout the term, and there is no offsetting benefit from the company's prosperity. See *Johnstown Building & Loan Association*, 6 B. T. A. 463. We think they were not members; and, since all the petitioner's business was making loans to them, it can not be found as a fact that substantially all its business was confined to making loans to members. Without such a finding there is no exemption from tax. Liberally as the exemption should be applied, *United States* v. *Cambridge Loan & Building Co., supra; Permanent Loan & Savings Association*, 2 B. T. A. 132; *South Euclid Savings & Loan Co.*, 14 B. T. A. 1079; *Richland County Building & Loan Association*, 15 B. T. A. 537; *Guaranty Building & Loan Co. of Marion, Indiana*, 27 B. T. A. 754, its limits are not to be overridden by an artificial ritual which is without substance. There must be some evidence of cooperative effort to reduce burdens and share benefits, and nothing of this sort appears in this petitioner's business. It seems to be a straight lending business, of which the profits are distributed to its 35 shareholders. See Law of Federal Income Taxation, Paul and Mertens, vol. 3, sec. 32.06.

*Judgment will be entered for the respondent.*